SUMMARY ORDER

In Docket No. 07-5079-ag, Ya Qing Zou, a native and citizen of the People’s Republic of China, seeks review of a November 2, 2007 order of the BIA denying her first motion to reopen her removal proceedings. In re Ya Qing Zou, No. A077 641 844 (B.I.A. Nov. 2, 2007). In Docket No. 08-3533-ag, Zou seeks review of a June 26, 2008 order of the BIA denying her second motion to reopen her removal proceedings. In re Ya Qing Zou, No. A077 641 844 (B.I.A. June 26, 2008). The petitions for review are consolidated for purposes of this order.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
I. Docket No. 07-5079-ag: March 2004 Motion to Reopen
The BIA did not abuse its discretion in denying Zou’s first motion to reopen. Zou argues that the BIA erred in concluding that she failed to demonstrate her prima facie eligibility for relief based on her alleged violation of China’s family planning policy. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). However, we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have concluded there was no error in the BIA’s conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See Jian Hui Shao, 546 F.3d at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing *699 court presuming that it has abused its discretion”).
Although Zou cites evidence indicating that China’s family planning policy has, at times, been enforced through coercion, the BIA does not err in finding that unspecified and unattributed reports of occasional abuse do not demonstrate a reasonable possibility that a particular applicant would face such persecution. See Jian Hui Shao, 546 F.3d at 159-60. Zou also argues that the BIA failed to adequately consider her evidence. However, this Court “presume[s] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Nothing in the record compels the conclusion that the BIA ignored Zou’s evidence.
II. Docket No. 08-3533-ag: March 2008 Motion to Reopen
An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation if the alien establishes materially “changed circumstances arising in the country of nationality.” 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Zou’s second motion to reopen as untimely (it was filed more than four years after the BIA’s decision) and number barred (it was her second motion to reopen.) See 8 C.F.R. § 1003.2(c)(2).
Moreover, as the BIA found, Zou failed to demonstrate changed country conditions excusing her time and number barred motion. See 8 U.S.C. § 1229a(c)(7)(C)(ii). Zou argues that the BIA failed to consider evidence of changed country conditions in China. However, as the BIA observed, Zou submit no evidence in support of her motion. See 8 C.F.R. § 1003.2(c)(1).
Zou also argues that the BIA violated her due process rights in denying her first motion to reopen by relying on its precedential decisions in Matter of S-Y-G-, 24 I. & N. Dec. 247 (B.I.A.2007), and Matter of J-W-S-, 24 I. & N. Dec. 185 (B.I.A.2007). (“[A]n alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum”). Yuen Jin v. Mukasey, 538 F.3d 143, 157 (2d Cir.2008). Zou has remained in this country illegally for over five years. In that time, she has filed, and had adjudicated, an asylum application, two motions to reopen, and four petitions for review. She has received ample process. See id. For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).